UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FORTIS BANK S.A,/N.V. (Cayman Islands
Branch) and MANUFACTURERS AND TRADERS
TRUST COMPANY, solely as Trustee,

                Plaintiffs,

        - against -

BROOKLINE FINANCING LLC
BROOKLINE ORIGINATION LLC,
BROOKLINE SERVICING LLC, CSC LOGIC, INC.,
KENNEDY FUNDING, INC., HUDSON CREDIT
CORP., HUDSON RETAIL-JFK, INC.,
HUDSON NEWS DISTRIBUTORS, LLC,
HUDSON MEDIA, INC., and JAMES COHEN,

                Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**

10 Civ. 894 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is a proposed Stipulation and Order of Dismissal submitted by plaintiff Fortis Bank N.A./S.V. ("Fortis Bank"); plaintiff Manufacturers and Traders Trust Company ("M&T Bank"); defendants Brookline Financing LLC ("Brookline Financing"), Brookline Origination LLC, and Brookline Servicing LLC (collectively, "the Brookline defendants"); and defendant Kennedy Funding, Inc. ("Kennedy Funding") (collectively with Fortis Bank, M&T Bank, and the Brookline defendants, the "Settling Parties"), seeking a court order dismissing their claims pursuant to Federal Rule of Civil Procedure 41(a)(2). Over the objections of defendants Hudson

-1-

Credit Corp., Hudson Retail-JFK, Inc., Hudson New Distributors, LLC, Hudson Media, Inc., and James Cohen (collectively, "the Hudson defendants"), we approve the Settling Parties' request and order the dismissal of their claims with prejudice.

<u>BACKGROUND</u>[1]

On February 4, 2010, Fortis Bank and M&T Bank filed a complaint against the Brookline defendants, Kennedy Funding, and the Hudson defendants.[2] Kennedy Funding subsequently filed a counterclaim against Fortis Bank and a cross-claim against the Brookline defendants, while the Brookline defendants filed a counterclaim against Fortis Bank.

The Hudson defendants filed an answer on March 22, 2010. They later filed a motion seeking leave to amend their answer to assert counterclaims and cross-claims against various parties. By Memorandum and Order dated March 22, 2011, this Court denied the Hudson defendants leave to add claims against Fortis Bank, Kennedy Funding, and Jeffrey, Kevin, and Gregg Wolfer, finding that the proposed claims would be futile. <u>See</u> <u>Fortis Bank S.A./N.V. v. Brookline Fin. LLC</u>, No. 10 Civ. 894 (NRB), 2011 U.S. Dist. LEXIS 47901 (Mar. 23, 2011). However, the Court granted the Hudson defendants leave to add a cross-claim against

---

[1] We assume familiarity with the underlying facts of the case as set forth in our previous decisions.

[2] The complaint also asserted claims against CSC Logic, Inc., but these claims were voluntarily dismissed by the parties on January 13, 2011.

Brookline Financing. See id. Undeterred, the Hudson defendants filed a second motion for leave to amend, which the Court denied by Memorandum and Order dated April 26, 2011. See Fortis Bank S.A./N.V. v. Brookline Fin. LLC, 10 Civ. 894 (NRB), 2011 U.S. Dist. LEXIS 46320 (S.D.N.Y. Apr. 27, 2011).

By letter of November 15, 2011, counsel for Fortis Bank informed the Court that the Settling Parties had reached an agreement that would dispose of all claims between the parties. The Settling Parties attached a stipulation that would effectuate the dismissal of these claims and would also dismiss the claims of Fortis Bank and M&T Bank against the Hudson defendants.[3] The Settling Parties requested that the Court "so order" the stipulation because the Hudson defendants refused to sign the stipulation. By letter response the following day, counsel for the Hudson defendants, Benjamin Clarke, Esq., explained that the Hudson defendants declined to sign the stipulation for two principal reasons. First, the Hudson defendants believed that they would be prejudiced by the terms of the underlying settlement reached by the Settling Parties. Second, the Hudson defendants wished to add as a term of the stipulation that their remaining cross-claim against Brookline

---

[3] Under the original proposed stipulation, the dismissal of the claims against the Hudson defendants would have been without prejudice. However, as described infra, under the proposal currently before the Court, the dismissal of these claims would be with prejudice.

Financing be dismissed without prejudice. Counsel for the Brookline defendants responded by letter the same day, stating that the Brookline defendants would only consent to a dismissal of the Hudson defendants' cross-claim if it were dismissed with prejudice. The Court held a lengthy in-person conference with the parties on November 21, 2011 to try to resolve this impasse, but our efforts proved to be of no avail.

On December 13, 2011, the Settling Parties submitted a revised proposed stipulation that would dismiss all claims between the Settling Parties and would dismiss the claims asserted by Fortis Bank and M&T Bank against the Hudson defendants. The dismissal of all of these claims would be with prejudice. Nevertheless, the Hudson defendants still declined to sign the stipulation, and the Settling Parties have requested that the Court order the dismissal of the claims pursuant to Federal Rule of Civil Procedure 41(a)(2).

## DISCUSSION

Rule 41(a)(2) provides in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A decision to grant dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. United States v. Cathcart, 291 F. App'x 360, 361 (2d Cir. 2008).

-4-

As an initial matter, we reject the Hudson defendants' contention that our dismissal under Rule 41(a)(2) should be on the basis of a formal motion. As the Second Circuit has stated, "Rule 41(a)(2) does not explicitly require a formal motion by the plaintiff noticed to the defendant." Id. Here, the parties have exchanged no fewer than ten letters in relation to the proposed stipulation, with four of those letters – as well as a forty-one page declaration – submitted on behalf of the Hudson defendants. Moreover, the Hudson defendants had a full opportunity to air their objections at the in-person conference held before the Court on November 21, 2011. Given these circumstances, we have no hesitation in reaching our decision based on the record before us. See id. (approving the district court's Rule 41(a)(2) dismissal given that the defendant was provided "ample opportunity to present his arguments to the court prior to the court's . . . judgment").

In deciding whether to dismiss a claim under Rule 41(a)(2), the relevant concern is "whether the dismissal of the action will be unduly prejudicial to the defendants." Ferrato v. Castro, 888 F. Supp. 33, 34 (S.D.N.Y. 1995) (internal quotation marks omitted). Here, any risk of prejudice to the Hudson defendants is inherently lessened by the fact that the claims against them are to be dismissed with prejudice. See Brown v.

-5-

<u>Brown</u>, No. CV 03-3359, 343 F. Supp. 2d 195, 199 (E.D.N.Y. 2004) ("Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the defendant remains under the threat of another lawsuit. But when that threat is removed by a dismissal with prejudice, any injustice to the defendant is significantly lessened." (internal quotation marks omitted)); <u>Ferrato</u>, 888 F. Supp. at 34 ("Here plaintiff has requested a dismissal <u>with prejudice</u>. In such an instance it is of course relevant that a dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant." (internal quotation marks omitted)).

More importantly, any rights that the Hudson defendants maintain under the Intercreditor and Subordination Agreement that underlies the parties' dispute are unaffected by the mere dismissal of claims that Fortis Bank asserted <u>against</u> the Hudson defendants. To the extent that the Hudson defendants believe that their interests under the Intercreditor and Subordination Agreement are jeopardized by the underlying settlement reached by the Settling Parties, the Hudson defendants remain free to vindicate those interests notwithstanding the Rule 41(a)(2) order.

Finally, we note that the Hudson defendants' cross-claim against Brookline Financing is not implicated by the proposed

stipulation and therefore will remain in place following entry of the Rule 41(a)(2) order. We pause to highlight this fact because we believe it relates to the true motivation behind the Hudson defendants' recent actions. At the in-person conference held on November 21, 2011, it became clear that the Hudson defendants will likely seek to assert – in a separate forum – the claims against Fortis Bank, Kennedy Funding, and the Wolfers that this Court did not permit the Hudson defendants to bring in this action. The Hudson defendants believe that a <u>without prejudice</u> dismissal of their cross-claim against Brookline Financing would improve their chances of escaping any preclusive effect of this Court's prior decisions. Thus, in our view, the Hudson defendants have withheld their consent to the stipulation in an effort to extract this disposition – a without prejudice dismissal of the cross-claim against Brookline Financing – as a concession from the other parties to the litigation.

For present purposes, we simply note that the Hudson defendants' desire to have another bite of the apple with respect to their claims against Fortis Bank, Kennedy Funding, and the Wolfers is not a relevant concern to this Court in deciding whether to issue the Rule 41(a)(2) order. The Hudson defendants can prosecute their cross-claim against Brookline Financing and may pursue any potential appeal from this Court's

prior   decisions   following   the   final   disposition   of   this remaining claim.

## CONCLUSION

Having   found   little   risk   of   prejudice   to   the   Hudson defendants,   we   endorse   the   Stipulation   and   Order   of   Dismissal submitted   by   the   Settling   Parties   and   dismiss   the   relevant claims pursuant to Rule 41(a)(2).


Dated:     New York, New York
           January 11, 2012

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Counsel for the Hudson Defendants**
Benjamin Clarke, Esq.
DeCotiis, FitzPatrick, & Cole LLP
500 Frank W. Burr Blvd. Suite 31
Teaneck, NJ 07666

**Counsel for Kennedy Funding, Inc.**
Jordan B. DeFlora, Esq.
Two University Plaza, Suite 402
Hackensack, NJ 07601

**Counsel for the Brookline Defendants**
Hartley T. Bernstein, Esq.
Bernstein Cherney LLP
777 Third Avenue, 24th Floor
New York, NY 10017

**Counsel for Fortis Bank**
Michael Luskin, Esq.
Seth D. Rothman, Esq.
Stephan E. Hornung, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

**Counsel for M&T Bank**
Christopher M. Mason, Esq.
Abigail T. Reardon, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022